**UNITED STEELWORKERS OF AMERICA, AFL–CIO; William L. Boone, Homer Turner, Lamon V. Moore, Harold V. Wolf, William W. Martin, Individually and on Behalf of a Class, Appellees,**

v.

**BLACK, SIVALLS & BRYSON, INC., Appellee,**

and

**TecTank, Inc., Appellant.**

**No. 79–1132.**

United States Court of Appeals, Eighth Circuit.

Submitted Sept. 12, 1979.

Decided Oct. 29, 1979.

C. Brooks Wood, Hillix, Brewer, Hoffhaus & Whittaker, Kansas City, Mo. (argued), and Kent E. Whittaker, Kansas City, Mo., on brief, for appellant.

Landon H. Rowland, Watson, Ess, Marshall & Enggas, Kansas City, Mo. (argued), and David J. Kornelis, Kansas City, Mo., on brief, for Black, Sivalls & Bryson, Inc.

Michael Gordon, Jolley, Moran, Walsh, Hager & Gordon, Kansas City, Mo. (argued), and Steven A. Fehr, Kansas City, Mo., on brief, for appellees.

Before GIBSON, Chief Judge, and HEANEY and ROSS, Circuit Judges.

**304**

PER CURIAM.

The United Steelworkers of America, AFL–CIO and a number of retired steelworkers commenced a class action against Black, Sivalls & Bryson, Inc., and TecTank, Inc., in the United States District Court for the Western District of Missouri on behalf of 133 retired steelworkers. They alleged that the members of the class were entitled to certain life and health insurance benefits pursuant to collective bargaining agreements between the Steelworkers and Tec-Tank. They asked the court to declare the rights of the retired employees and to award them damages and other equitable relief. They, alternatively, requested that the dispute be submitted to arbitration. The employers refused to submit the matter to arbitration. Thereafter, the employers' motion to declare the action a complex one was granted, and what initially appeared to be a rather straightforward question of contract construction became an extremely involved lawsuit.

On January 23, 1979, more than six years after the initial complaint was filed and after counter motions for summary judgment were filed, the District Court ordered the parties to submit the matter to arbitration. On February 2, 1979, TecTank appealed the arbitration order and sought a stay of arbitration in the District Court pending appeal. The District Court denied the stay and the matter is now in arbitration before Professor Raymond Goetz. We subsequently denied without prejudice the appellees' motion to dismiss the appeal for lack of jurisdiction.

▮ Two questions are now before us: (1) whether the District Court's order compelling arbitration is appealable under 28 U.S.C. § 1291; and (2) if so, whether the union waived its right to arbitration. After a careful review of the briefs and oral argument, we hold that the order referring the matter to arbitration is appealable and that the District Court's holding that the union had not waived its right to compel arbitration is not clearly erroneous.